10457

GRAHAM v. ERVIN, SUPERVISOR.

(103 S. E. 750.)

1. STATUTES—ACT AUTHORIZING COUNTY BOND ISSUE AND CREATION OF HIGHWAY COMMISSION HELD NOT INVALID AS TO SUBJECTS AND TITLE. —Act of General Assembly approved March 11, 1920, authorizing the issue of bonds and other obligations of county for public highway improvements, for funding certain outstanding indebtedness, to provide for payment of such bonds and other obligations, and for the expenditure of the proceeds thereof, and to create a highway commission for certain purposes, *held* not to violate Const. 1895, art. III, sec. 17, requiring acts to relate to but one subject, which must be expressed in the title.

2. COUNTIES—ACT AUTHORIZING BOND ISSUE HELD NOT TO EXCEED CONSTITUTIONAL LIMIT OF INDEBTEDNESS.—Act of General Assembly approved March 11, 1920, authorizing a county bond issue and to cre-

ate a highway commission, *held* not invalid as authorizing an expenditure in excess of the constitutional limits, in violation of Const., art. X, sec. 5.

3. COUNTIES — BONDED DEBT OF CITY WITHIN COUNTY EXCLUDED IN DETERMINING LIMIT OF INDEBTEDNESS.—In determining whether act of General Assembly approved March 11, 1920, authorizing a county bond issue, was invalid as provided for a bond issue in excess of the constitutional limitation of indebtedness, the bonded indebtedness of a city within such county must be excluded in view of the amendment to Const., art. X, sec. 5, by act March 8, 1919 (31 St. at Large, p. 74).

4. HIGHWAYS—STATUTE PROVIDING FOR IMPROVEMENT OF PARTICULAR ROAD BEFORE MAKING OTHER IMPROVEMENTS HELD NOT INVALID.— Act of General Assembly approved March 11, 1920, authorizing a county bond issue and creating a highway commission, *held* not unconstitutional, as directing the commission to provide for the improvement of a certain named highway before making any other improvement.

5. CONSTITUTIONAL LAW—ACT GIVING PREFERENCE TO IMPROVEMENT OF PARTICULAR ROAD HELD NOT DISCRIMINATORY.—That act of General Assembly approved March 11, 1920, authorizing county bond issue and creating a highway commission, directs the improvement of a particular road before making other improvements, *held* not to constitute a discrimination.

6. STATUTES — ACT DULY SIGNED, APPROVED BY GOVERNOR, AND FILED WITH SECRETARY OF STATE, SUFFICIENT EVIDENCE OF PASSAGE.—When an act has been duly signed by the presiding officer of the General Assembly in open session in the Senate-House, approved by the Governor of the State, and duly deposited in the office of the Secretary of State, it is sufficient evidence, nothing to the contrary appearing upon its face, that it passed the General Assembly, and it is not competent, either by the journals of the two houses or either of them, to impeach such act.

7. COUNTIES—LEGISLATURE MAY AUTHORIZE COUNTY BOND ISSUE WITHOUT SUBMISSION TO ELECTORS.—The General Assembly may authorize a county bond issue without first submitting the question of such issue to the qualified electors of the county, in view of Const. 1895, art. X, sec. 6.

8. HIGHWAYS—ACT CREATING HIGHWAY COMMISSION HELD NOT VOID AS PROVIDING FOR APPOINTMENT TO PUBLIC OFFICE FOR UNLIMITED PERIOD. —Act of General Assembly approved March 11, 1920, authorizing a county bond issue, and creating a highway commission, does not violate Const. 1895, art. I, sec. 11, prohibiting appointment to public office for unlimited periods, on the ground that the tenure of office-holders shall be four years, or until their successors are appointed and qualified, or until the provisions of the act are completely carried out.

9. HIGHWAYS—ACT AUTHORIZING COUNTY BOND ISSUE AND CREATING HIGHWAY COMMISSION HELD VALID.—Act of General Assembly approved March 11, 1920, authorizing a county bond issue and creating a highway commission, *held* valid.

Before SHIPP, J., Florence, May, 1920. Affirmed.

Action by R. M. Graham, a taxpayer, against A. L. Ervin, as County Supervisor, and the members of the Florence County Highway Commission, to test the validity of certain bonds. From decree for defendants, the plaintiff appeals

The report of the master and the decree below were as follows:

"Master's Report. This matter comes before me upon the complaint of the plaintiff and answer of the defendant under an order to me directed by his Honor, Circuit Judge S. W. G. Shipp. The issues of both fact and law, as made by the complaint and answer, are sharp and well defined. I have held a reference at which considerable testimony was adduced, and, after giving the same careful consideration, I beg leave to submit this, my report, thereon:

"(1) The plaintiff in his complaint alleges that he is a citizen and taxpayer of the county of Florence, and this the defendant admits. There can be no doubt about that and no question is made thereabout. The plaintiff, as such, has a status which entitles him to maintain this action for himself and any and all other taxpayers of the county of Florence who will come in and share with him the expenses of this litigation.

"(2) The plaintiff alleges that the defendants named are acting as the commission created by the act of the Assembly which is brought in question in this case, and that allegation is admitted by the defendants.

"(3) The plaintiff attaches to the complaint a copy of the act in question, and while the defendants admit that the copy attached to the complaint, so far as it goes, is correct, they tender and proffer to the Court as a part of their answer

a certified copy of the act attested by the Secretary of State under the great seal thereof.

"(4) The plaintiff alleges that the act is violative of section 17, art. III, of the Constitution of South Carolina 1895, and cites the act in support thereof. The defendants deny this allegation, and thus a question of law is raised for determination. The constitutional provision in question is correctly set forth in the complaint as follows: 'Every act or resolution having the force of law shall relate to but one subject, and that shall be expressed in the title.'

"After a careful study of the act in question under the rule that this provision of the Constitution should have a liberal construction, I am of opinion that the act is not violative of this provision of the general subject as expressed in the title, and all of the details of legislation therein contained are intended to and do provide the means, methods, and instrumentalities which are intended to facilitate the accomplishment of the general purpose and are germane to it. *State v. O'Day*, 74 S. C. 449, 54 S. E. 607; *Aycock-Little Co. v. Railway*, 76 S. C. 331, 57 S. E. 27; *Johnson v. Commissioners*, 97 S. C. 205, 81 S. E. 502; *Lillard v. Melton*, 103 S. C. 10, 87 S. E. 421.

"(5) The plaintiff alleges that the act is unconstitutional for that the issue of $800,000 of bonds thereunder would exceed the constitutional limit and violate section 5 of article X thereof. This allegation the defendants deny, and thus there is presented a question of fact for determination.

"The relevant portion of section 5 of article X of the Constitution is as follows:

" 'The corporate authorities of counties, townships, school districts, cities, towns and villages may be vested with power to assess and collect taxes for corporate purposes. * * * The bonded debt of any county, township, school district, municipal corporation or political division or subdivision of this State shall never exceed 8 per centum of the assessed

value of all the taxable property therein. And no county, township, municipal corporation or other political division of this State shall hereafter be authorized to increase its bonded indebtedness if at the time of any proposed increase thereof the aggregate amount of its already existing bonded debt amounts to 8 per centum of the value of all taxable property therein as valued for State taxation. And wherever there shall be several political divisions or municipal corporations covering or extending over the territory, or portions thereof, possessing a power to levy a tax or contract a debt, then each of such political divisions or municipal corporations shall so exercise its power to increase its debt under the foregoing 8 per cent. limitation that the aggregate debt over and upon any territory of this State shall never exceed 15 per centum of the value of all taxable property in such territory as valued for taxation by the State.'

"The evidence shows that the value of the property subject to taxation in Florence county as assessed for State taxation is $12,842,332, of which 15 per cent. is $1,926,348. The testimony shows that the total indebtedness of the city of Florence, which for this purpose we will include, is $330,-000; that the present indebtedness of the county of Florence is $35,000; that the total indebtedness of all school districts within the county of Florence is $391,171; that the town of Lake City is bonded for less than $100,000, and the town of Timmonsville for less than $100,000, to which add the contemplated issue of $800,000 for permanent road improvement as contemplated by the act, and we have a total of only $1,756,171, and, even including the bonded indebtedness of the city of Florence in the total last given, we still have a margin of $175,177 below the 15 per cent. limitation which the plaintiff claims that this issue will exceed.

"In arriving at this total the testimony is conclusive to the effect that the city of Florence, county of Florence, and

school district bond issue are correct. The $200,000 apportioned to Lake City and Timmonsville are well above the amounts of the bonded indebtedness of these two towns. The testimony is also conclusive that there are no other bonded debts on any political or governmental subdivisions or divisions of the county. These facts being established by the testimony, the issue of this point must be decided againt the plaintiff.

"(6) The plaintiff alleges in his complaint that the issue of $800,000 of bonds by the Florence highway commission under the act in this case would violate the provisions of section 5 of article X, which directs that wherever there shall be several political divisions or municipal corporations covering or extending over the territory or boundary thereof possessing the power to levy a tax or contract a debt, then each of such political divisions or municipal corporations shall so exercise this power to increase its debt under the foregoing 8 per cent. limitation that the aggregate debt over and upon any territory of this State shall never exceed 15 per centum of the value of all taxable property in such territory as valued for taxation by the State, as applied to the city of Florence, and to the Florence city school district, reckoned in connection with the proportionate share of the county debt that will be apportioned against such area. The argument is that the city debt of $330,000, plus $295,000 for school district, plus approximately one-fourth of the county indebtedness, or $200,000, will exceed 15 per centum, as it will aggregate $825,000. However, the fact will not, I believe, sustain the contention of plaintiff, which is denied by the defendants, and thus another question of fact, mixed with law, is presented for discussion.

"The testimony establishes the fact that the city property as valued for State taxation amounts to $3,223,943, and it is true that upon this property the city has issued bonds amounting to $330,000; but it appears in the testimony that

this indebtedness was incurred for waterworks, sewerage, street improvements, and refunding debts incurred.

"In this connection section 7 of article VIII and section 5 of article X of the Constitution, as applied to the city of Florence, were amended by an act to ratify the amendment, approved the 8th of March, 1919 (31 Statutes at Large, p. 74), which act provides that the limitations imposed by this section and by section 5 of article X *shall not apply to the bonded indebtedness incurred by the city * * * of Florence, in the county of Florence, when the proceeds of any bonds issued by any such cities are applied exclusively to the purchase, erection, improvement, and maintenance of streets sidewalks, waterworks, lighting plants, gas plants, sewerag system, or for the payment of debts incurred, and when th question of incurring said indebtedness is submitted to th, qualified electors of said municipalities, as provided by law.* I find as matter of fact from the evidence that all of the bonded indebtedness of the city of Florence now existing falls within one or more of the terms and conditions of that amendment, and under the authority of *Brownlee v. Brock et al.,* 107 S. C. 230, 92 S. E. 477, that the city bonded deb shall be excluded in computing the amount of the bonde( indebtedness covering this area.

"This conclusion is fully supported by the cases of *Lillard v. Melton,* 103 S. C. 10, 87 S. E. 421; *Seegers v. Gibbes,* 72 S. C. 532, 52 S. E. 586; *Bethea v. Dillon,* 91 S. C. 413, 74 S. E. 983; in addition to *Brownlee v. Brock, supra.* Therefore, in testing the contention of plaintiff we must exclude from consideration the bonded debt of the city.

"It is fully established by the testimony that the Florence city school district is not coterminous with the city proper, but overlaps the same, and comprises within its boundaries approximately 12 square miles outside of the city of Florence; that the value of the property in the school district is

$654,159 more than the amount of the city property, or a total for the school district of $3,878,102. Therefore, excluding the city debt and basing the calculation upon the taxable value of the school district property as assessed for State taxation, the school district property, in relation to the county property of $12,842,322, bears the relation of one to four, and, therefore, upon this district would be apportioned one-fourth of the county indebtedness, which is, including the present proposed issue of $800,000 of bonds, $208,250, to which must be added the outstanding school district bonds of $295,000, which will give a total indebtedness of $503,-250, which is $78,465 less than 15 per centum of the assessed value of the property within the school district. Therefore this contention of the plaintiff must be decided against him.

"(7) The plaintiff next contends that the act is unconstitutional because by its terms it directs the commission to provide for the improvement of the public highway and main thoroughfare leading from the city of Florence to the town of Timmonsville before making any other improvements. The defendants in their answer deny this, and thus is made another issue of law and fact for determination. In the first place, the plaintiff points out no provision of the Constitution which this provision of the act violates, and I am frank to say that I have been unable to find any. In the next place the testimony shows conclusively that the county officers had, before the introduction of this act in the General Assembly, commenced to improve this road from Florence to Timmonsville, which, lying between these two towns and connecting them, is a road of much importance and is much traveled.

"They had gone so far, as appears in the evidence and as is corroborated by the terms of the bill, as to make a contract with Slattery & Henry, of Greenville, S. C., to construct a permanent road, with hard surface, between these points. It further appears that the commissioners, in the absence of this direction, would have

improved this road first. Therefore, if in their discretion they may have so improved this road—and of that there can be no doubt—(see *Nettles v. Cantwell et al.,* 112 S. C. 24, 99 S. E. 765, decided June 23, 1919), and there being nothing in the Constitution prohibiting the legislature from issuing bonds for the county to build or improve particular roads or bridges, the argument that this is a discrimination is untenable, and, therefore, this contention must be decided against the plaintiff.

"(8) The plaintiff next alleges that the defendants have violated the provisions of the act in failing to advertise the bonds for sale as therein directed, and in attempting to issue and sell the bonds at a price below par. This contention of the plaintiff is wholly without merit, as the testimony is full, clear, and convincing that the commissioners, in pursuance of the directions of the act, have duly advertised the bonds for sale in the Florence Daily Times, the Columbia State, and the Manufacturers Record; that in pursuance of this advertisement a large number of bids were submitted, and upon the consideration of all of the bids the bonds were sold to Messrs. J. H. Hilsman & Co., of Atlanta, and R. M. Grant & Co., of New York, jointly, at par, the purchasers paying accrued interest to the date of the delivery of the bonds to them. Therefore this issue likewise is decided against the plaintiff.

"(9) The plaintiff next alleges that the act is unconstitutional for that it does not affirmatively show that it was regularly introduced in the House and Senate, that it was read three times on three several days in each of said branches of the Assembly, that it does not show upon its face that it was signed by the President of the Senate and Speaker of the House, approved by the Governor, and sealed with the seal of State. These allegations on the part of plaintiff are met by denial on the part of defendants. It seems that the plaintiff was supplied with an incomplete copy

of the act, for the original act on file in the office of the Secretary of State, as well as the original bill, certified copies of which are before me, very clearly and affirmatively show that all of these requirements were duly complied with. ·

"In addition to that, however, this question is one definitely and for all time settled in this State by the case of *State ex rel. Hoover v. Chester,* 39 S. C. 307, 17 S. E. 752, from which I quote as follows: 'We announce that the true rule is that when an act has been duly signed by the presiding officers of the General Assembly in open session in the Senate-House, approved by the Governor of the State, and duly deposited in the office of the Secretary of State, it is sufficient evidence, nothing to the contrary appearing upon its face, that it passed the General Assembly, and that it is not competent, either by the journals of the two houses or either of them, or by any other evidence, to impeach such an act. And this being so, it follows that the Court is not at liberty to inquire into what the journals of the two houses may show as to the successive steps that may have been taken in the passage of the original bill.'

"As before stated, the original bill and the act itself show affirmatively full compliance with these conditions and requirements, and, waiving the question of law, I have examined with great care the journals of both houses, which are before me, and I find that the act was regularly passed through both houses, ratified, and approved by the Governor on the 11th day of March, 1920. Further evidence of these facts, if needed, are supplied by the certificates of the Secretary of State, which is before me. Therefore this question likewise must be decided against the plaintiff.

"(10) The next contention of the plaintiff is one of law. He interposes objection to the sale of $350,000 county bonds provided by the act without first submitting the question of their issue to the qualified electors of the county. Again his assertion is met by denial. This very question has been

so recently decided by our Supreme Court that a discussion thereof is unnecessary. See *Brownlee v. Brock,* 107 S. C. 230, 92 S. E. 477; *Lillard v. Melton,* 103 S. C. 10, 87 S. E. 421, and section 6 of article X of the Constitution of 1895, from which it will be seen that an election is not necessary, but that the legislature has plenary power in the matter. Thus this contention of the plaintiff must be decided adversely to him.

"(11) The plaintiff next alleges that the defendants, constituting the highway commission for Florence county, under the act in question are not properly appointed, in that, as he alleges, they were not commissioned by the Governor upon recommendation of the delegation from Florence county. The testimony of the members of the commission who were examined, of the members of the delegation who testified, and the certificate of the Secretary of State, which was admitted in evidence on the hearing before me, are so conclusive as to render a discussion of this contention on the part of the plaintiff unnecessary. Even if it were possible under the law for the plaintiff to go beyond the Governor's commission, still his averments are without foundation and fact.

"By the same section of his complaint he alleges that the act is in violation of the Constitution prohibiting the appointment to public office for unlimited period. The reference, of course, is to section 11, of article I, which provides as follows: 'No person shall be elected or appointed to office in this State for life or during good behavior, but the terms of all officers shall be for some specified period.' His argument is that the act extends the tenure of the defendant in office beyond the four years therein prescribed *and* until the provisions of the act are completely carried out. For convenience in consideration of this question I will quote the exact words of the act on this point: 'The term of office of the first appointive members shall be four years

or until their successors are appointed and qualified, or until the provisions of this act are completely carried out.'

"The same question arose in the case of *Lillard v. Melton,* 103 S. C, 10, 87 S. E. 421, where it was held that the term is for a specified period, and that the use of the words 'or until' are not to be construed as extending the term beyond that period when appointed, but merely restricting it to the completion of the work if completed within that time. If an extension of the term beyond four years had been intended, the word 'and' would have been used instead of 'or.' Under the authority of this case the contention of the plaintiff must be decided against him.

"(12) The final contention and allegation of the plaintiff is that the act as a whole, and all of the actions and conduct of the defendants thereunder, is null and void. The defendants deny this. I have studied the act in the light of the Constitution and of the decisions of our Supreme Court with the utmost care. I have gone most carefully, fully, and particularly over the evidence, and I can find nothing irregular or illegal or unconstitutional in the act, its passage through the legislature, its ratification, its approval, the appointment and commission of each of the defendants, of their organization, advertising for bids, opening and receiving the bids, selling the bonds, and I, therefore, recommend that the complaint of the plaintiff be dismissed, that he be denied an injunction as prayed for, that the act be held and construed, and I do so find and conclude it to be constitutional; that the Florence county highway commission as constituted is a duly, regularly, and legally constituted body of corporate authorities, and that their action as shown by the evidence in this case is in all respects regular, legal and proper; that there is no objection which has been made in this proceeding, or, for that matter, that may have been made, so far as I am able to see, to the selling of the bonds, the carrying out of the road improvement con-

templated by the act, and of all other things provided therein and thereby. All of which is respectfully submitted. H. A. Brunson, Judge of Probate, Acting Master for Florence County."

"Decree. This matter comes before me on exceptions to the report of the referee. The action is brought by the plaintiff, a taxpayer in the county of Florence, S. C., for himself and all other taxpayers in said county, who will join with him in paying the expense of this suit. The plaintiff, by his complaint, attacks the constitutionality of the act of the General Assembly, entitled 'An act to authorize the issuance of bonds and other obligations of Florence county for permanent highway and bridge improvements, and for funding certain outstanding indebtedness, to provide for the payment of such bonds and other obligations, and for the expenditure of the proceeds thereof, and to create a highway commission for said purposes.' He challenges the appointment of the commission created thereby and the action of said commission thereunder. Upon motion of the plaintiff, and with the consent of the atternoys for the defendants, an order of reference was heretofore by me made, under which H. A. Brunson, Esq., Judge of Probate, acting master for Florence county, has held a reference, taken testimony, which he has returned to the Court, together with his report thereon. He has given the matter the serious consideration which it deserves, and filed a very full, complete, and comprehensive report. Each of his findings and conclusions therein are attacked by the plaintiff in a general exception, and after hearing argument of counsel pro and con, and upon the pleadings and the testimony and the documentary evidence in the case, it is ordered, adjudged, and decreed:

"First. That the report of the master be, and the same is hereby, in all respects, confirmed, adopted, and made the decree of this Court, as fully and effectually as if set out herein.

"Second. The act of the Assembly attacked in this cause, for the reasons set forth by the master in his report, is hereby adjudged, declared, and decreed to have been properly and regularly passed, enacted, and approved, and in full conformity and compliance with the Constitution of this State and all amendments thereto.

"Third. That the selection, appointment, and commission of the members of the Florence county highway commission, created by said act, is hereby adjudged, declared, and decreed to have been in all respects regular, and the composition of said commission by the defendants in this case is hereby upheld and confirmed.

"Fourth. The action of the commission in organizing as such, in advertising the sale of the bonds referred to in the complaint, and the sale thereof, is hereby adjudged, declared and decreed to have been in all respects regular and in full compliance with the authority and directions contained in said act.

"Fifth. The purchasers of said bonds upon said sale will acquire good and sufficient title thereto, freed from any question or cloud of doubt as to their constitutionality, legality, and regularity, it appearing from the proceeding that everything by law required to precede the issuance and sale thereof has been regularly done and performed.

"Sixth. That the complaint of the plaintiff be, and the same is hereby, dismissed, and the injunction therein prayed for is hereby refused. The parties plaintiff and defendant in this cause, by their counsel, through consent indorsed hereupon, have consented and agreed that this decree might be made at chambers with full force and effect as if made in open Court in term time by the presiding Judge thereof."

*Mr. S. M. Wetmore,* for appellant, cites: *Act creating commission and authorizing issue of bonds:* 31 Stat. 1489.

*Messrs. Arrowsmith, Muldrow, Bridges & Hicks,* for respondent. Oral argument.

July 26, 1920.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

For the reason stated by the master in his report and decree of his Honor, Judge Shipp, affirming the same, it is the judgment of this Court that the judgment of the Circuit Court be affirmed.

Judgment affirmed.